UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00254-SDN |
| | ) | |
| JEFF WALLACE, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff initiated this action against the City of Bangor and a Bangor Code Enforcement Officer based on events in January 2022. (Complaint, ECF No. 1.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 2; Order, ECF No. 4.)

In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### FACTUAL BACKGROUND

Plaintiff alleges that while he lawfully occupied a space in the Bangor Mall, in January 2022, he discovered a severe water leak in the space that was caused by a frozen sprinkler pipe. (Complaint ¶¶ 6, 7.) Plaintiff asserts the pipe froze and broke after a door was left open by the sprinkler repair crew. (*Id.* ¶ 8.) Plaintiff reported the water leak to

mall maintenance. (*Id.* ¶ 9.) Plaintiff alleges the maintenance staff stated that the incident was not Plaintiff's fault. (*Id.*)

Plaintiff further asserts that on January 18, 2022, Defendant Wallace, the Code Enforcement Officer for the City of Bangor, condemned the property and falsely attributed the incident to Plaintiff, as reported by the Bangor Daily News. (*Id.* ¶ 10.) Plaintiff alleges that Defendant Wallace used the incident to defame Plaintiff in a news article and to continue a pattern of selective enforcement against Plaintiff based on personal animus. (*Id.* ¶ 11.)

Plaintiff seeks to recover damages against Defendants Wallace and the City of Bangor, asserts claims of defamation, intentional infliction of emotional distress, and a violation of his civil rights (selective enforcement).

## DISCUSSION

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

Plaintiff's selective enforcement claim implicates the Equal Protection Clause of the Fourteenth Amendment. "To establish a claim of selective treatment [under the Equal Protection Clause], a plaintiff must show that (1) the plaintiff, compared with others similarly situated, . . . was selectively treated; and (2) such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *McCoy v. Town of Pittsfield*, 59 F.4th 497, 508 (1st Cir. 2023) (internal quotation marks omitted).

Plaintiff alleges that Defendant Wallace "has a history of "targeting [him] with excessive and unequal code enforcement actions." (Complaint ¶ 12.) Plaintiff, however, has not alleged any facts regarding a code enforcement action either before or as the result of the incident alleged in his complaint. Plaintiff, therefore, has not alleged any facts that would support an equal protection claim. *See Legal Sea Foods, LLC v. Strathmore Insurance Co.*, 36 F.4th 29, 34 (internal citations and quotation marks omitted) ("We credit neither conclusory legal allegations nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture.").

Plaintiff's remaining claims of defamation and the intentional infliction of emotional distress are state law tort claims. Because Plaintiff has not alleged an actionable federal claim, the Court should not exercise supplemental jurisdiction over the claim given the early stage of the proceedings. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.[1]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of July, 2025.

---

[1] In an unrelated matter, Plaintiff requested my recusal, citing civil and judicial misconduct complaints that he asserts he has filed against me based on rulings I made in other matters involving Plaintiff. *See Reardon v. Tegna East Coast Broadcasting, LLC*, No. 25-cv-00256-SDN. To the extent Plaintiff contends I should recuse from this matter, for the reasons explained in the order on Plaintiff's motion to recuse in *Reardon v. Tegna East Coast Broadcasting, LLC*, No. 25-cv-00256-SDN, I find no legal or factual basis for my recusal.